(No. 828—Claimant awarded $66.50.)

DIXON WATER COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 17, 1924.*

GOVERNMENTAL FUNCTION—*state not liable for negligence of its employees.* The State in conducting the State Colony for Epileptics at Dixon, exercises a government function and is not liable for the negligence of its employees therein.

REIMBURSEMENT—*when award may be made.* While the State is not liable for the negligence of its employees, yet an award may be made to claimant to reimburse him for damage occasioned by the negligence of its employee.

HENRY C. WARNER, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration in this case states that the Dixon Water Company, of Dixon, Illinois, a corporation, complains to the State of Illinois that on, to-wit, the 22nd day of September, A. D. 1923, an automobile truck belonging to the State of Illinois and used in and about the conduct of the State Colony for Epileptics at Dixon, Illinois, was being operated in one of the streets of Dixon, Illinois, near the corner of Fifth street

and Depot avenue; that said automobile truck was then and there being operated by an employee of the State of Illinois; that said automobile truck then and there being operated by said employee was so carelessly operated that one of the hydrants at the intersection of Fifth street and Depot avenue in said city was damaged and broken and a large quantity of water was necessarily wasted and it became and was necessary for the Dixon Water Company to replace said hydrant which was broken and shut off the water from the water mains belonging to the claimant in that vicinity in order to install a new hydrant in the place of the hydrant which was broken.

The claimant further alleges that the fair market value of the new hydrant so installed was the sum of $57.50 and that said claimant was compelled to employ two men for one day to install said new hydrant, and that said men were paid the sum of $9.00 for services performed by them.

The Attorney General filed a demurrer, which, as a matter of law, is sustained by the court.

The Attorney General also filed his consent to an award, stating that the case had been thoroughly investigated under the direction of the director of public welfare, that such investigation showed the facts are clearly set forth in the declaration.

The Attorney General therefore consents to an award in this case in favor of the claimant in the sum of $66.50.

The court therefore makes an award to said claimant in the sum of $66.50.